

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-22-2003

# USA v. Robinson

Precedential or Non-Precedential: Non-Precedential

Docket 01-1513

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Robinson" (2003). *2003 Decisions.* Paper 869.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/869

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 01-1513

_____

UNITED STATES OF AMERICA

v.

VERNICE ROBINSON,
a/k/a FATS

Vernice Robinson,
                              Appellant

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
D.C. Crim. No. 00-cr-00361
District Judge:  The Honorable Stewart Dalzel

_____

Submitted Under Third Circuit LAR 34.1(a)
January 10, 2003

_____

Before: SCIRICA, BARRY, and SMITH, <u>Circuit Judges</u>

(Opinion Filed:  January 22, 2003)

_____

OPINION

_____

BARRY, <u>Circuit Judge</u>

On June 21, 2001, a grand jury returned an indictment charging appellant Vernice

Robinson with two counts of armed bank robbery in violation of 18 U.S.C. § 2113(d) and two counts of brandishing a firearm in the commission of a crime of violence in violation of 18 U.S.C. § 924(c). On September 29, 2001, Robinson pled guilty to all four counts of the indictment pursuant to a plea agreement in which he agreed, *inter alia*, to cooperate in the prosecution of his co-felons in exchange for a motion for a downward departure from the government pursuant to section 5K1.1 of the Sentencing Guidelines. Robinson's plea agreement also clearly stated that Robinson understood, and had explained to him by counsel, that the total possible maximum sentence he faced under the four counts in the indictment would be life imprisonment, a minimum mandatory term of imprisonment of 32 years, 5 years supervised release, and a $1,000,000 fine.

On February 22, 2001, the District Court sentenced Robinson to 286 months imprisonment and five years of supervised release and ordered Robinson to make restitution in the amount of $23,503. This sentence represented a downward departure of nearly eight years from the applicable minimum mandatory sentence, and an enormous downward departure from the otherwise applicable guidelines range of 572 to 619 months, reflecting the District Court's acceptance of the government's 5K1.1 motion and motion under 18 U.S.C. § 3553(e). Six days after he was sentenced, Robinson filed a notice of appeal pro se. Counsel was appointed to represent him and has filed a brief pursuant to Anders v. California, 386 U.S. 378 (1967), stating that there are no non-frivolous issues to assert on appeal. He also moves to withdraw as counsel. Robinson received a copy of counsel's Anders brief and was given an opportunity to raise any additional arguments pro

2

se.  He did not do so.

Because Robinson entered an unconditional guilty plea on the record in open court, his arguments on appeal are limited to challenging the jurisdiction of the District Court, the validity of the plea, and the legality of the sentence imposed.  See United States v. Broce, 488 U.S. 563, 569 (1989).  The District Court had jurisdiction pursuant to 18 U.S.C. § 3231.  Our review of the record, just as the review of appellate counsel, indicates that Robinson's guilty plea was knowing and voluntary and that the District Court complied with the requirements of Rule 11 of the Federal Rules of Criminal Procedure in accepting the plea.  Robinson's 286 month sentence was proper, representing a substantial downward departure from the applicable minimum mandatory sentence and from the otherwise applicable guidelines range.  We lack jurisdiction to review the extent of the departure.

Accordingly, the judgment of the District Court will be affirmed and counsel's motion to withdraw will be granted.


TO THE CLERK OF THE COURT:

Kindly file the foregoing Opinion.


/s/Maryanne Trump Barry
Circuit Judge